IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 29, 2001 Session

## GEORGE MICHAEL TIPTON, ET AL. v. AXIS FABRICATION & MACHINE COMPANY, ET AL.

**Appeal from the Circuit Court for Blount County**
**No. L-11629      W. Dale Young, Judge**

**FILED NOVEMBER 29, 2001**

**No. E2001-00258-COA-R3-CV**

HOUSTON M. GODDARD, P.J., Concurring in Part and Dissenting in Part

I concur in the majority opinion insofar as it vacates the directed verdict in favor of the Defendant Thomas. I would, however, affirm the directed verdict as to the Defendant Axis.

The majority opinion predicates its determination as to Axis on the ground that "a reasonable jury could conclude that Axis was vicariously liable for Thomas' culpable conduct and/or that it breached its duty of reasonable care by allowing someone to utilize a machine without appropriate warning and/or by failing to replace the missing guard on the machine."

As to the first point, I find nothing in the record which would support a finding of vicarious liability. While it is true Mr. Thomas is an employee of Axis and is a supervisor of Mr. Tipton, on the occasion of the accident he was not acting as Mr. Tipton's supervisor and, as pointed out in the majority opinion, was not in the course of his employment with Axis.

With regard to appropriate warning, I believe that the notice on the machine "Do not place hand near moving parts" was a sufficient warning to the Plaintiff. I think this particularly true where the warning uses the word "near," and the proof shows that the Plaintiff's fingers were within one or two inches of the moving parts when he was injured.

As to the failure to replace the guard on the machine, the unrefuted proof shows that other and newer shears are not even equipped with the guard that was missing.

For the foregoing reasons I would vacate the judgment as to Mr. Tipton and affirm it as to Axis.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE